## SUPREME COURT.

### MICHAEL LEONARD agt. JOHN LEONARD.

*Judgment debtor — death of — proceedings to enforce payment out of his estate under section 376 of the Code of Procedure — who may be summoned.*

When the statute (*sec. 376 of the Code of Procedure*) speaks of " tenants of real property owned by the judgment debtor," it means *his* tenants, and does not apply to persons holding under a deed in hostility to him, and those who claim through him.

The judgment debtor died leaving the judgment unpaid. At his death he was seized of certain real estate in the city of New York. He left a widow and two children, and by his will his widow was to have a monthly allowance from the income of his estate in lieu of dower, and the principal of the estate was given to his children. The real estate was sold by the municipal corporation for taxes, and a lease for 1,000 years was executed to Charles Reed. The proceedings are under section 376 of the Code, and the summons has been served upon the widow, her two children and Reed:

*Held,* that the proceedings as to Reed could not be upheld, as he does not hold as a tenant of the judgment debtor, but under a deed made in hostility to him.

*Held, further,* that the interest of the heirs or devisees is too remote and trifling to authorize these proceedings.

*Trial Term, June,* 1878.

*Henry Parsons,* for plaintiff.

*Ex Judge Albert Cardozo* and *Richard S. Newcombe,* for the lessee and heirs.

VAN VORST, *J.* — The plaintiff recovered a judgment against the above named defendant on the 11th day of August, 1866, for $502.47.

Leonard agt. Leonard.

In October following the judgment debtor died leaving the judgment unpaid. At his death and for some time previous the judgment debtor was seized of certain real estate in the city of New York. He left a widow and two children. By the will of the defendant his widow was to have a monthly allowance, from the income of his estate in lieu of dower — to the children the principal of the estate was given.

The proceedings of the plaintiff now considered are commenced under section 376 of the Code.

The property which is sought to be reached, and in effect applied to the payment of the judgment, is the real estate of the judgment debtor, which it is claimed passed under the will.

This real estate was sold by the municipal corporation in September, 1865, before the death of the judgment debtor, to satisfy taxes due thereon.

In pursuance of this sale a lease was executed by the municipal authorities to Charles Reed, who was the assignee of the certificate of sale, for the term of 1,000 years, from the 14th day of September, 1865, and he now holds the premises under the lease, and is entitled to the premises and all thereof, for the term of the lease, to the exclusion of all who claim through the judgment debtor; this includes the widow and children, as it does the plaintiff himself, claiming under a judgment, against John Leonard. The summons in this proceeding has been served upon the widow, her two children and Reed. As by section 376 of the Code, the heirs, devisees, legatees or tenants of real property, owned by the judgment debtor may be summoned to show cause, the proceedings as to Reed cannot be upheld. He does not hold as a tenant of the judgment debtor, but under a deed made in hostility to him, and is entitled "to have and to hold said premises against owner or owners thereof, and all claiming under him or them," so the lease reads.

When the statute speaks of tenants of real property "owned by the judgment debtor," it means *his* tenants, and does not

Leonard agt. Leonard.

apply to persons holding under a deed in hostility to him, and those who claim through him.

It does not appear that there is any estate of the judgment debtor in the hands of either of the parties who are summoned under the section of the Code now considered.

But it is suggested that the tax sale resulted only in a lease, and that whatever may be the duration of its term, there is an interest in the heirs or devisees, which an execution can reach.

It is considered that such interest, after the lapse of 1,000 years, is too remote and trifling to authorize these proceedings.

Courts of justice are moved only to the consideration of substantial rights and remedies.

There should be judgment dismissing the proceedings, with costs.